UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENA CHILDS, DONALD CHILDS, and T. CHILDS, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO FAMILY HOUSING, LLC, LINCOLN MILITARY PROPERTY MANAGEMENT, LP, and INDEPTH CORPORATION,<br><br>Defendants. | Case No.: 19cv2329 JM (MDD)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SEAL** |

Defendants San Diego Family Housing, LLC ("SDFH") and Lincoln Military Property Management, LP ("Lincoln") move the court to seal "excerpts from four confidential and proprietary business documents." (Doc. No. 18.) The court finds the motion suitable for submission without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the below reasons, the motion is **GRANTED**.

**I.      BACKGROUND**

Plaintiffs Lena Childs, Donald Childs, and T. Childs[1] ("Plaintiffs") claim they suffered injury as a result of being exposed to mold while residing in military housing

---

[1] T. Childs is a minor acting by and through her guardian ad litem, Lena Childs.

located within Naval Amphibious Base Coronado.  (Doc. No. 1-2 ¶¶ 15-18.)  Defendants state that SDFH is a "public-private venture ('PPV')" between the United States Navy and Lincoln/Clark San Diego, LLC, which was formed under the Military Housing Privatization Initiative, 10 U.S.C. §§ 2871-85.  (Doc. No. 18-1 at 2.)

On May 2, 2019, Plaintiffs filed their initial Complaint in Superior Court for the County of San Diego, which contained claims against Defendants for negligence, private nuisance, breach of contract, breach of the implied warranty of habitability, breach of the implied covenant of peaceful and quiet enjoyment, and constructive eviction.  (Doc. No. 1-2 at 5.)  On December 12, 2019, Defendants removed the case to federal court on the basis that: (1) the events alleged in the Complaint occurred within a federal enclave; (2) SDFH is a federal agency; and (3) at all relevant times, SDFH and Lincoln were acting under federal officers.  (Doc. No. 1 ¶ 3.)  Following a February 12, 2020 early neutral evaluation and case management conference, the magistrate judge ordered Defendants to file their motion to dismiss based on derivative sovereign immunity by April 10, 2020.  (Doc. No. 16.)   Additionally, the magistrate judge allowed the parties to engage in jurisdictional discovery for 75 days after the filing of the motion to dismiss.  The magistrate judge further ordered that Plaintiffs' response to the motion to dismiss was due 15 days after the close of the 75-day discovery period, and Defendants' reply was due seven days after that.  On April 10, 2020, Defendants filed the motion to dismiss, (Doc. No. 19), as well as the instant motion to file documents under seal, (Doc. No. 18).  On April 13, 2020, the magistrate judge issued a protective order, to which the parties stipulated, limiting the use and disclosure of information deemed confidential by the parties.  (Doc. No. 18-1.)

## II.     LEGAL STANDARDS

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v.*

*State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks and citation omitted). "The common law right of access, however, is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135 (citation omitted). In deciding whether to seal records, courts should consider "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets[.]" *Id*. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Chrysler*, 809 F.3d at 1096-98. The party seeking to seal records bears the burden of overcoming the presumption of access. *Foltz*, 331 F.3d at 1135.

A trial court has broad discretion to permit sealing of court documents for the protection of "a trade secret or other confidential research, development, or commercial information." *See* Fed. R. Civ. P. 26(c)(1)(G); *see also Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *2 (N.D. Cal. Jan. 3, 2019). "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business[.]" *Id*. Sealing may also be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

## III. DISCUSSION

In support of their motion to dismiss, Defendants desire to seal "excerpts from four confidential documents" because "these documents contain confidential and proprietary information, which the Defendants can only submit under seal to protect certain proprietary business information, confidential financial discussions and information, and [because] the agreements involve confidential terms with the United States Government and/or United States government-owned entities." (Doc. No. 18-1 at 4.) The documents consist of: (1) SDFH's operating agreement with the United States; (2) a ground lease between the SDFH, the Navy, and the United States; (3) a property management agreement between SDFH and Lincoln; and (4) a water intrusion/mold operations and maintenance plan. Defendants argue that a compelling reason to seal the documents exists because the documents contain confidential and proprietary trade secrets that would harm their competitive standing. (*Id*. at 5-6.) In support of this argument, Defendants state: (1) the operating agreement and ground lease were marked "confidential" by the contracting parties, which includes the United States; (2) the operating agreement and ground lease contain "capital contributions, financial information, business structures, financial arrangements, tax issues, operating expenses, and various management plans;" (3) the documents "disclose how these businesses are structured and run, and how they are financed, and how they execute on their government contracts;" (4) two of the documents contain "comprehensive proprietary management plans;" (5) the Navy is a party to two of the agreements; (6) one of the agreements involves a company in which the Navy has a "proprietary interest;" (7) the fourth document was "prepared by and for the Navy's public-private venture in coordination with the Navy;" (8) "SDFH and Lincoln are required to protect these documents, limit their disclosure, and when said documents are disclosed, it is always under an executed [p]rotective [o]rder;" (9) the disclosure of the documents "would allow a competitor PPV or military property management company to obtain a significant advantage over SDFH and Lincoln;" and (10) "[t]he federal government has a

proprietary interest in these documents and would not want their terms and agreements exposed[.]" (*Id.* at 7.)

As pointed out by Defendants, courts in the Ninth Circuit have found comparable types information to constitute trade secrets worthy of protection. *See*, *e.g.*, *Qualcomm*, 2019 WL 95922, at *3 ("[T]o the extent that the instant motion seeks to seal information that, if published, may harm Qualcomm's or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets, the Court agrees with the parties that compelling reasons exist to seal this information."); *Velasco v. Chrysler Grp. LLC*, Case No. CV 13-08080 DDP (VBK), 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) ("[D]istrict courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business model or agreements with clients,' 'internal policies and strategies,' and 'manufacturing information[.]'") (internal citations omitted); *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011) ("Where the material includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process.").

Based on the representations made by Defendants, the information they seek to seal includes trade secrets. Although Defendants do not explain exactly how their competitive advantage would be harmed by publicly releasing the records, it is reasonable to conclude that the Defendants' formula for successfully obtaining and managing government contracts is information with some proprietary value. The federal government's choice to deem the records "confidential" is further support for the appropriateness of sealing the documents at this point in the litigation. The court may, however, reexamine the necessity of sealing the documents as the litigation develops. Additionally, portions of the documents currently lodged with the court are heavily redacted in a manner that

undermines the courts' ability to assess its jurisdiction, and will likely interfere with the court's ability to decide Defendants' pending motion to dismiss.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Seal is **GRANTED**. The Clerk of the Court is directed to file the redacted documents currently lodged with the court under seal. (*See* Doc. No. 20.) Additionally, on or before ***May 21, 2020***, Defendants shall lodge unredacted versions of the documents, which the clerk is directed to also file under seal.

IT IS SO ORDERED.

DATED: May 14, 2020

JEFFREY T. MILLER
United States District Judge