UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENA CHILDS; DONALD CHILDS; T. CHILDS, a Minor, by and through Her Guardian Ad Litem, Lena Childs; and A. CHILDS, a Minor, by and through Her Guardian Ad Litem, Lena Childs,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SAN DIEGO FAMILY HOUSING, LLC; LINCOLN MILITARY PROPERTY MANAGEMENT, L.P.; IN DEPTH CORPORATION; and DOES 1 through 25, inclusive,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 19-CV-2329-JM-SBC<br><br>**ORDER ON JOINT MOTION TO CONTINUE THE MANDATORY SETTLEMENT CONFERENCE AND FOR FRCP 35 EXAMINATION OF PLAINTIFFS DONALD CHILDS AND LENA CHILDS** |

　　　Before the Court is the Parties' Joint Motion to Continue the Mandatory Settlement Conference and for FRCP 35 Examination of Plaintiffs Donald Childs and Lena Childs ("Joint Motion"). (Doc. No. 112.) The Parties bring four requests for the Court's resolution. First, the Parties move the Court for a continuance of the Mandatory Settlement Conference ("MSC"), which was most recently set for Monday, July 17, 2023, at 9:00 a.m. (*Id.*, 2:27-3:2; *see* Doc. No. 101.) Second, the Parties ask the Court to convert the in-person MSC to

a Video MSC. (Doc. No. 112, 2:27-28.) Third, the Parties move the Court for an order authorizing the independent medical examinations ("IMEs") of Plaintiffs Donald Childs and Lena Childs pursuant to the Parties' stipulation. (*Id*., 2:9-10.) Fourth and finally, the Parties ask the Court to continue the July 14, 2023, fact discovery cutoff for the limited purpose of allowing the IMEs to proceed on a date between July 24, 2023, and July 28, 2023, when Plaintiffs are next available. (*Id*., 4:22-24.) Having reviewed and considered the Parties' submission, the Court GRANTS Parties' requests in their entirety and addresses each request in turn.

As to the Parties' first request, the Court finds a continuance of the MSC is in order. Civil Local Rule 16.3(b) and Rule III(c) of this Court's Civil Chambers require party representatives vested with complete settlement authority to participate in any settlement conference. (Civ. L.R. 16.3(b); Civ. Ch.R. III(c).) Here, the Joint Motion indicates Defendants' representative is unavailable to participate in the July 17, 2023, MSC due to childcare obligations. Specifically, the Parties contend Defendants' representative must retrieve his minor daughter from the airport "on the date and within the same timeframe that the [MSC] is scheduled for." (*Id*., 3:3-8.) The Parties add Defendants' representative wife is unavailable to assist with these childcare efforts because she will be out of the country at such time. (*Id*., 3:9-10.) Given that the MSC cannot proceed without Defendants' representative, the Court finds a continuance of the MSC is necessary. Accordingly, the Court GRANTS the Parties' first request and CONTINUES the MSC to **Wednesday, September 6, 2023, at 9:30 a.m.**, consistent with the Parties' representation that they "will adapt their schedules" to a date set by this Court. (*Id*., 3:15-17.) To that end, the Court GRANTS the Parties' second request and CONVERTS the in-person MSC to a Video MSC to be held via Zoom videoconferencing platform. Chambers will provide the Zoom meeting information to the Parties' counsel in advance of the August 1, 2023, Video MSC.

The Court next turns to the Parties' third request, which seeks an order approving the Parties' stipulation to the IMEs of Plaintiffs Donald Childs and Lena Childs. Rule 35 of the Federal Rules of Civil Procedure governs this matter. Under Rule 35, a court "may

2

19-CV-2329-JM-SBC

order a party whose mention or physical condition… is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1)-(2). A court order for an IME may issue only upon a showing that the mental or physical health condition is "in controversy" and that there exists "good cause." *Lewis v. CoreCivic of Tennessee, LLC*, 2023 WL 3806355, at *1 (S.D. Cal. June 2, 2023) (citing *Nguyen v. Qualcomm Inc.*, 2013 WL 3353840, at *2 (S.D. Cal. July 3, 2013) and *Hongwei Zhang v. United Technologies Corp.*, 2011 WL 3890262, at *1 (S.D. Cal. Sept. 2, 2011).).

Here, the Parties stipulate that Plaintiffs Donald Childs and Lena Childs have put their mental health conditions into controversy such that their IMEs are warranted. In itself, Plaintiffs' concession that their mental health conditions are in controversy satisfies the first prong of the Court's inquiry. *See Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. Apr. 7, 1995) (noting a court may order an IME where one or more factors are present, including "a plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a)."). Having independently reviewed the operative Complaint, the Court finds Plaintiffs' factual allegations support the Parties' instant stipulation. In particular, the Complaint alleges Defendants' eviction of Plaintiffs from their home "caused serious hardship on the plaintiffs, both emotionally and financially" and "warrants the imposition of punitive damages." (*Id.*, ¶ 109.) Further, the Complaint adds that "both Donald and Lena CHILDS have become so distressed by [Defendants' conduct] that each has sought professional evaluation and treatment for mental health concerns." (Doc. No. 1-2, ¶ 50.) For this reason, the Court accepts the Parties' stipulation that Plaintiffs Donald Childs and Lenda Childs' mental health conditions are in controversy for purposes of submitting to IMEs under Rule 35.

The Court now addresses the matter of good cause under Rule 35. Courts consider various factors in assessing good cause for an IME, including (1) the possibility of obtaining the desired information by alternative means; (2) whether a plaintiff intends to rely upon expert testimony to prove a claim; (3) the relevance of the desired information; and (4) whether a plaintiff is claiming ongoing emotional distress. *Juarez v. Autozone*

1  *Stores, Inc.*, 2011 WL 1532070, at *1 (S.D. Cal. Apr. 21, 2011); *Impey v. Office Depot,*
2  *Inc.*, 2010 WL 2985071, at *21 (N.D. Cal. July 27, 2010).

Having studied the Complaint's factual allegations, the Court finds good cause exists to support the IMEs of Plaintiffs Donald Childs and Lena Childs for the same reasons underlying the Court's in-controversy analysis. *Lewis*, 2023 WL 3806355, at *4 (stating "when a plaintiff has put mental condition squarely in controversy and has alleged continuing emotional distress because of a defendant's action, courts frequently merge the 'in controversy' and 'good cause' requirements and order the IME"); *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 165 (N.D. Cal. Apr. 5, 2013) (same); *Ragge v. MCA/Universal*, 165 F.R.D. 605, 609 (C.D. Cal. Mar. 29, 1995) (same). Both Plaintiffs Donald Childs and Lena Childs claim to have suffered serious emotional distress as a result of Defendants' conduct in the course of their landlord-tenant relationship. Further, the Joint Motion emphasizes Plaintiffs' "mental health claims remain at issue in the instant action." (Doc. No. 112, 4:16-17.) Taken together, the circumstances independently satisfy the relevance and ongoing emotional distress factors informing the Court's good cause analysis. Accordingly, the Court finds good cause supports Plaintiffs Donald Childs and Lena Childs' submission to an IME.

Given the foregoing, the Court opines that the in-controversy and good cause prongs of its Rule 35 inquiry are satisfied. Accordingly, the Court GRANTS the Parties' third request and ORDERS Plaintiff Donald Childs and Lena Childs to submit to an IME, consistent with the 11 parameters enumerated on the fourth and fifth pages of the Joint Motion and to which the Parties stipulate. (*Id*., 4:20-5:11.) To that end, the Court GRANTS the Parties' fourth request and CONTINUES the July 14, 2023, fact discovery cutoff to July 28, 2023, for the exclusive purpose of allowing the IMEs to proceed. No other fact discovery shall be taken following the July 14, 2023, fact discovery cutoff and no other

///
///
///

dates shall be modified in the operative May 5, 2022, and May 16, 2023, Scheduling Order absent separate order of this Court. (*See* Doc. Nos. 84, 108.)

**IT IS SO ORDERED.**

Dated: July 10, 2023

_____
Hon. Steve B. Chu
United States Magistrate Judge