UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENA CHILDS; DONALD CHILDS; T. CHILDS, a Minor, by and through Her Guardian Ad Litem, Lena Childs; and A. CHILDS, a Minor, by and through Her Guardian Ad Litem, Lena Childs,<br><br>   Plaintiffs,<br><br>v.<br><br>SAN DIEGO FAMILY HOUSING, LLC; LINCOLN MILITARY PROPERTY MANAGEMENT, L.P.; IN DEPTH CORPORATION; and DOES 1 through 25, inclusive,<br><br>   Defendants. | Case No.: 19-CV-2329-JM-SBC<br><br>**ORDER ON JOINT STIPULATION TO EXTEND EXPERT DISCOVERY DEADLINES** |

Before the Court is the Parties' August 18, 2023, Joint Stipulation to Extend Expert Discovery Deadlines ("Joint Motion"). (Doc. No. 118.) The Parties move the Court to continue three operative deadlines, namely the (1) September 4, 2023, deadline to designate rebuttal experts; (2) the September 4, 2023, deadline to serve rebuttal expert disclosures; and (4) the October 13, 2023, expert discovery cutoff. The Parties explain a two-week continuance of the September 4, 2023, deadlines and a one-week continuance of the

October 13, 2023, deadline are necessary due to the unavailability of counsel for Defendant InDepth Corporation ("InDepth"). InDepth explains its counsel will be on a pre-paid vacation "with little to no access to emails" between the weeks of August 28, 2023, and September 11, 2023, and thus requires additional time to engage in expert discovery. (*Id.*, 4:8-11.)

Rule 16(b) of the Federal Rules of Civil Procedure ("Rule 16(b)" or "the Rule") controls the Court's inquiry here. The Rule provides "a district court's scheduling order may be modified upon a showing of 'good cause.'" *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citing Fed. R. Civ. P. 16(b)(4) and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *Doe Run Res. Corp. v. Hartford Accident & Indem. Co.*, 2021 WL 2577144, at *2 (S.D. Cal. June 22, 2021). "[The] focus of the inquiry is upon the moving party's reasons for seeking modification ... If that party was not diligent, the inquiry should end." *Martinez v. Costco Wholesale Corp.*, 336 F.R.D. 183, 187 (S.D. Cal. July 22, 2020) (citing *Johnson*, 975 F.2d at 609 and *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. June 16, 1999).). "Good cause may be found where the moving party shows it assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order." *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. Sept. 21, 2012) (citing *Jackson*, 186 F.R.D. at 608); Fed. R. Civ. P. 16, Advisory Committee's Notes (1983 Amendment); *Fid. Nat. Fin., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*, 308 F.R.D. 649, 652 (S.D. Cal. July 24, 2015) (same).

Good cause does not underlie the Parties' Joint Motion here. As a foundational matter, the Joint Motion is silent on what expert discovery efforts the Parties have made to date in an effort to meet the operative deadlines. Such silence undercuts the Parties' showing of diligence per Rule 16(b), particularly when considering that formerly presiding Magistrate Judge David D. Leshner granted the Parties an additional (1) six weeks to

engage in fact discovery; (2) two weeks to designate initial experts and serve initial expert reports; and (3) four weeks to designate rebuttal experts and serve rebuttal expert reports pursuant to the Amended Scheduling Order Regulating Discovery and Other Pre-Trial Conferences ("Amended Scheduling Order"). (Doc. No. 108.)

Moreover, InDepth's counsel has been aware of the operative expert discovery deadlines since May 16, 2023, when the Amended Scheduling Order issued. (*Id.*) Although the Joint Motion does not reveal when InDepth's counsel finalized her vacation plans, InDepth served its Notice of Unavailability of Counsel on August 1, 2023, nearly three months following the Amended Scheduling Order's issuance. Thus, InDepth cannot contend in good faith that the reason necessitating its instant continuance requests was unforeseeable. Equally notable, the Court does not find good cause to further continue expert discovery deadlines in light of "the pending determination in InDepth's Application for Determination of Good Faith Settlement" ("Application") by presiding District Judge Jeffrey Miller. (*Id.*, 4:19-21.) InDepth's filing of any potentially dispositive motion does not relieve it from its ongoing duty to meet the demands of the operative Amended Scheduling Order.

Given the foregoing circumstances, the Court finds the Parties have not met their burden under Rule 16(b) to establish their diligence in meeting the existing expert discovery deadlines. As noted, in such cases where diligence is not shown, the Court's "inquiry should end." *Adinolfi by & through Adinolfi v. Omni La Costa Resort & Spa LLC*, 2019 WL 2269881, at *2 (S.D. Cal. May 28, 2019) (citing Fed. R. Civ. P. 16 and *Johnson*, 975 F.2d at 609.). Moreover, the continuances Judge Leshner granted have afforded the Parties ample time to meet their expert discovery obligations, and the time to do so has not yet expired. Accordingly, the Court DENIES the Parties' Joint Stipulation to Extend Expert Discovery Deadlines and ORDERS the Parties to comply with all operative deadlines in this matter, including, but not limited to, the September 4, 2023, deadlines to designate

/ / /

/ / /

rebuttal experts and serve rebuttal expert disclosures and the October 13, 2023, expert discovery cutoff.

**IT IS SO ORDERED.**

Dated: August 22, 2023

Hon. Steve B. Chu
United States Magistrate Judge